Please be seated. Your Honor, second case in the morning, call 2-11-1018, people of the state of Illinois v. v. Carbajal, on behalf of the Avalon, Ms. Sherry Silver, on behalf of the people, Mr. Scott Jacobson. Good morning, Counsel. Good morning. Ms. Silver. Good morning, Your Honors. Counselor, my name is Sherry Silver, and I represent Miguel Carbajal in this field. In all candor, Your Honors, getting an oral argument in this case was quite a surprise. The instances of oral arguments in issues of closing argument by prosecutors is pretty few and far between, so it was a welcome surprise. And I do welcome the opportunity to address what is the magnitude of the error in these cases. You asked for oral argument, correct? Yes, indeed. We do ask for error, but this was a surprise, Your Honor. The arguments that were challenging are set out in the initial brief, pages 8 through 10, and also in our reply brief, pages 8 and 9. I think I left off a couple of the instances in the reply brief, but instead referred to the initial brief. The arguments, for the most part, were objected to a trial. Unfortunately, defense counsel below did not include them in the post-trial motion, so I'm guessing that the primary issue for discussion today is plain error. In that regard, Your Honors can review an issue under plain error, obviously, when the evidence is closely balanced, regardless of the magnitude of the error, or where the magnitude of the error is so large that the closeness of the evidence really doesn't matter. Both of those prongs can apply here. In this case, the closeness of the evidence concerned the state of mind, Miguel's state of mind, at the moment LeDarian Priestley kicked in the window of Webster Middle School, and it also concerned legal responsibility. Now, the state of mind at the moment that he kicked in the window, the State has cited Dillebou for that instance, for that proposition, and Mr. Jacobson and I had a conversation before the argument today. He will be conceding that Dillebou is not the appropriate case to be citing. So we are back to the state of mind at the moment Priestley kicked in that window. The evidence on that issue is so minimal in this case that having the prosecutor turn around and tell the jury, forget about what the defendant said, only listen to the State's evidence, he didn't prove his innocence, ignore what he says because it's irrelevant, is so serious that not only does it satisfy the magnitude prong, but it just goes to show you that the evidence is so close on that issue that there really was nothing else that could be said. The only evidence that there was was that Priestley kicked it in, and ultimately all three of the guys entered. That's it. So the evidence was close, and her comments to the jury to ignore what the defendant did present as evidence really tipped that scale. The second issue about the legal responsibility, again, it's whether you have a specific intent either before or during the commission of the offense. It's pretty much the same argument as the state of mind that all of the evidence that the defendant did present, the prosecutor, the student intern told the jury, ignore it. He didn't prove his innocence. His statements were self-serving. They don't mean anything. They're irrelevant. Just ignore it and just listen to what the state has told you. And obviously that's an incorrect statement of law. The jury is required to listen to all of the evidence that's presented. Other than that, I think both of the prongs have been established. The student prosecutor's arguments were clearly improper. Clearly saying to the jury, you know, that's not what the law says. He hasn't proved his innocence. How much more incorrect can an argument be? So we've met the plain error. Your honors can reach this issue. And we're asking your honors to reverse the conviction and remand the matter for a new trial. If there are no questions. Thank you. Thank you very much.  Mr. Jacobson. Good morning, your honors. Good morning. I'm from the prosecutor's office in the 2nd District. Good morning. And may it please the court. As Ms. Silverman had mentioned, she and I have talked about a dill-voo. Obviously not the correct case to cite in this circumstance. The defendant was not charged with burglary by remaining. But I do think what's interesting is that the one word missing from my opposing counsel's argument is accountability. And to the extent in this case that the jury was told that certain evidence with regard to the defendant's statement to the police didn't matter, I believe what the prosecutor was referencing was the law of accountability. So in this instance, the defendant would be accountable for Priestley's criminal intent at the moment that Priestley kicked in the window, or actually I should say during the time from which they went from New York Street, entered the middle school, walked around back in the middle school, and then kicked in the window. The question of accountability in this case, which I believe the prosecutor was referring to in closing argument, that issue was presented to the jury. The jury was properly instructed in all those regards. The defense concedes that the jury was instructed with respect to accountability. And that is, in my mind, the question before this, at least the question of error before this court with respect to the student's comments. To the extent that she referenced accountability, the jury was properly told what accountability meant, and I believe that the defendant was correctly convicted of that charge. So I don't – the only other thing I can address is to say that as far as the standard of review in this case, I took this to be a challenge to the entirety of the prosecutor's closing arguments, which is why I asserted that it would be de novo standard of review, sort of like in Wheeler or in Blue, where you're reviewing the entirety of the comments to see if they had shifted the burden. Now, I don't think taking these comments in isolation does either side any real justice. When you look at the comments in their entirety, though, the context in which they were spoken, the evidence that I believe the prosecutor was referring to, the inferences of law that I believe the prosecutor was referring to, I believe there was no error in this case. Well, counsel, in your brief, you referred to the 7-11 student's statements about the defendant proving his innocence as, quote, gloss on the record, quote. And there were specific comments, specifically page 410 of the record, and I think Ms. Silver referred to a couple of these, where it was said, it, meaning the defendant's self-serving statement, does not prove defendant's innocence in any way, and at page 413 of the record, the written statement, that right there proves your innocence, and he didn't put that in his statement. I mean, what could be more clear than the State suggesting that the defendant had to prove his innocence? So I'm not sure, given at least these two references, what you particularly meant by gloss on the record. Because I think that counsel is taking those arguments to say, she's basically taking the words prove an innocence and using those as the red flag. I would submit to you that I think that it's a red herring. To a jury? That was a red herring to a jury? No, no, I think the argument itself is a red herring. And why? Because talking about deficiencies in the defendant's prior statement to the police does not, in and of itself, I mean, yes, the word prove is used, and yes, the word innocent was used. Together. Together. In the same sentence. In the same sentence. Right. But the point is that they were used in order to demonstrate that the defendant, and to be honest with you, too, I don't know why closing, I don't know why the prosecutor closing argument thought that this was a good line of attack. I mean, whether or not the defendant had put something in his prior statement to the police didn't militate really one way or the other that he was necessarily guilty or necessarily not guilty. I think what she was saying is that had he put things, had he made the statements that he testified to, to the police, had they been part of his prior statements, they would have tended to exonerate him of the offense. I think that everybody was sort of misdirected below as to the law of accountability. So when I'm looking at this from an accountability perspective, I'm asking does the evidence in the instructions show, I'm sorry, the evidence when viewed through the lens of the instructions, does that show that the defendant shared Priestley's intent at the time of the entry? I believe that that's what counsel was referring to below. The fact that the defendant did not make these prior statements to the police, that they were only looking for, or that he had only gone in reluctantly to dissuade Priestley from stealing any money or whatever. I mean, the bottom line is that the question of the defendant's intent was a factual question for the jury to resolve. And quite simply, I think that counsel was just commenting on deficiencies in the evidence that was presented. Well, you concede it would be pretty easy, easily, that a jury could be pretty easily misled by the use of the words that the student chose. Easily misled. In terms of whose burden it was to show those facts. I think referencing the burden, and certainly in the way that it was done here, could give rise to that inference. It's possible. But I think when viewed in context, these were solely comments about particular pieces of evidence. Regardless of whether it's directed towards a specific piece of evidence or not, help me out here to understand how it's okay to say that doesn't prove the defendant's innocent. Or that doesn't prove that he's not guilty. I think the point, first of all, was not especially well-grounded in the law that the prosecutor was making. So I would concede that. That said, I think what she was referring to, at least inartfully, was the law of accountability. And so the question of what the defendant's intent was, was an issue of fact for the jury to resolve. Is it an objective standard, or should we put ourselves in the shoes of the prosecutor and say, well, she must have meant this? I'm sorry, when you say, is it an objective standard? Is it an objective standard, or do we look at the closing argument from the perspective of what the prosecutor must have meant, or an objective standard as to how it would sound to the jury? Well, I mean, to me, the record is the record. I would say that counsel was making references to evidence in the case. I think she was commenting on deficiencies in the evidence. Now, I don't think that that necessarily was burden-shifting. A more clear example of a comment that would obviously be burden-shifting is if she said, the defendant had to prove that he was not guilty of this offense. In this circumstance, the prosecutor was saying, well, the defendant gave his prior statement to the police. That statement didn't include the story that he told today. And I believe that's exactly what she was referencing. She did, except that she went on to say, and that would have proved his innocence. Therefore, the absence of doing that, he has failed to prove his innocence. Well, the inference is in there, isn't it? I mean, that it's the defendant's burden to prove his innocence, just the way that he did. I think that if you look at the comment in isolation, it could be viewed that way. But I think when you take the comments as a whole, at this point in the closing argument, the prosecutor was referencing the defendant's prior statement to the police. I mean, strictly speaking, she was only talking about the evidence. I don't think, if you view the words as the words, I don't think that they are burden shifting. If we start asking ourselves, you know, what implication could be made from any particular given sentence, then I think it's certainly possible in almost any closing argument case, especially one that's not. But what if we look at all of them together? I'm sorry, what's that? What if we look at them all together? Well, I think looking at them all together and placing them in context, I believe this Court should find that this was not burden shifting, or that at least it was not an attempt, it simply was not an attempt to shift the burden. It was a comment on the deficiency in the defendant's prior statement. I mean, and even if those comments were true, even if the argument that the prosecutor was making was absolutely true, I don't think that that actually would have proven his innocence or would have proven him not guilty of the offense. I mean, it's conceivable, obviously, that he tells the police one thing, and then he gets up out of standing and says something else to the jury. So you don't think the cumulative effect of it is such that it would constitute error? No, I don't. Okay. I don't believe so. You know, and I think, to me, nothing shows that more than the fact that, you know, she keeps going back to, well, that's because that's what the law says. And she never really qualifies, you know, what she's talking about when she means the law. As I said before, I think she's referencing the law of accountability. And to the extent she's saying, well, you know, this, and later on she goes, well, this statement, this statement to the police doesn't matter because, you know, that's what the law says. I think she's talking about the law of accountability with respect to intent. I think she's talking about Priestley's intent at that point. So, no, all I see that language doing is commenting on a weakness in the evidence. I don't think that a reasonable jury, after hearing that, after hearing the objections, after hearing the trial court judge, Judge Shaines, instruct them that arguments are not evidence, I don't think a reasonable jury would have took that to mean that the defendant had to prove himself innocent of the crime. What about her comment that it's up to you to take the testimony and evidence presented to you by the state and find the defendant guilty of burglary, where the instruction instructs the jury to consider all the evidence? Well, I think this issue is a little bit more clear cut. You know, as I pointed out, if counsel had started referencing the defense's evidence or the defense's case, we know plenty of cases that tell us that, really, the prosecution can all but mock the evidence put on by the defense, and that still doesn't exceed the bounds of proper argument. You know, I don't think she was saying, it's up to you to take the testimony and evidence presented to you by the state to the exclusion of everything else and then find the defendant guilty. I mean, that's not a comment that goes directly to reasonable doubt. It doesn't go to the burden of proof, and it doesn't go to the essential elements of the offense. So I will agree with you that it is certainly an unartful comment, one that I maybe would not have made. But that said, that doesn't make it error, and that certainly doesn't make it plain error. And for what it's worth, too, I think to omit any reference to the defendant's case or to the defendant's testimony, at this point in the argument, I don't see that as necessarily being a bad thing. I mean, I don't think that we should be actively mocking the defendant's case as presented by the other side, but plenty of cases tell us that that is okay. So if the prosecution, as I said, if the prosecution can essentially mock the defendant's case, point out that his testimony is self-serving, point out that the evidence is contradictory, point out that the defendant's witnesses aren't credible, then I don't think it's inappropriate for the State to refrain from, certainly at this point in the argument, commenting on the defense's evidence at all. To the extent that this prosecutor maybe has shown us her tendency to go a little bit overboard at closing argument, this is one of the more restrained aspects of the argument itself. But this was a general statement she was making. I mean, she wasn't actually pinpointing a particular piece of evidence or testimony given by the State. I mean, she said something like, consider the State's evidence in reaching your verdict. So, I mean, clearly wasn't that a signal to the jury that they were to ignore the evidence put on by the defendant or at least that they didn't have the obligation to consider the totality of the evidence? Let me put it this way. It's not Murray Blue. It's not the circumstance where the prosecutor goes full bore and says there's our evidence and only our evidence and it doesn't matter what the defense says because it's the defense's evidence. I think all she was doing here, I mean, there are obviously a number of different ways we could take this statement, but I believe that all the prosecutor was doing here was just saying the State's given you sufficient evidence to find the defendant guilty and that's it. I don't think she was strongly suggesting that they ignore the defense's evidence or that they ignore inconsistencies in even the State's case. So, no, that comment, I don't believe, was necessarily improper. No. Thank you very much. Ms. Silver? I would agree this is not Murray Blue. This is not an emotionally charged case. There's no torso dummy sitting next to the jury with bullet holes in the clothing. Absolutely. Nonetheless, you have a prosecutor who said to the jury, just as Your Honor, Justice Pence quoted, it is up to you to take the testimony and evidence presented to you by the State, period. That's telling the jury, and it is objectively, the jury's listening to this and going, oh, okay, we don't have to pay attention to the defendant then. This is a case where this was a very straightforward comment by the student intern who needs guidance, and she wasn't getting it. The other comment that I do want to make, a couple of other comments, Mr. Jacobson said that I didn't mention the word accountability. Accountability and legal responsibility are pretty much the same thing. So the standard of review, we both say it's de novo. I don't know what the big deal is. It is de novo review for Your Honors. And the only other comment I want to make, sorry, there's two more comments. The one comment I want to make is that Mr. Jacobson said that we can't look at these comments in isolation. Well, we're not. This was a six-page argument, and there were errors on all six of those pages. So we're looking at the entire argument and looking at all of the various errors that were made by the student intern. And the last thing I just want to say, the Rule 711 program is a great program. Off the record, I was a member of a 711-type program when I was in law school in a different state, and it's a great program. It's a great learning program. So this is this Court's opportunity to kind of make a statement maybe that this student maybe wasn't guided as much as she should have been. There is a guidance element to Rule 711, and this student did not get it. Thank you, Your Honors. Thank you, Counsel, for your arguments. At this time, the Court will take the matter under advisement and render a decision in due course. We stand in brief recess until the next case.